UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROQUETA Y. BLAND, | No. 2:24-cv-2346 DC AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KEVIN KANDOW, | |
| Defendant. | |

    Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendant removed the case from state court on August 28, 2024. ECF No. 1. Defendant moved to dismiss this case on September 9, 2024, with a hearing date of November 6, 2024. ECF No. 5. Plaintiff initially did not respond. The court vacated the hearing to be reset as necessary and provided plaintiff an additional 14 days to file an opposition or statement of non-opposition. ECF No. 6. Plaintiff filed an opposition on October 9, 2024, requesting that the hearing be re-set. ECF No. 7. On October 10, 2024, Chief Judge Troy L. Nunley administratively re-assigned the district judge for this case. ECF No. 8. Plaintiff objected to that reassignment and included some substantive argument in her filing. ECF No. 9. Upon a full and careful review of all filings, the undersigned concludes that oral argument is highly unlikely to be productive and, in any event, is unnecessary under the circumstances. The court plainly lacks subject matter jurisdiction over the complaint. Accordingly, the

undersigned recommends this case be DISMISSED in its entirety for lack of subject matter jurisdiction.

## I. Background

### A. The Complaint

Roqueta Y. Bland, proceeding in pro se, filed a Request for Civil Harassment Restraining Order against Special Agent of the United States Federal Bureau of Investigation Kevin Kandow in San Joaquin Superior Court, Manteca Branch, Case No. MAN-CV-UCH-2024-009377. ECF No. 1 at 1. A copy of the docket is located at ECF No. 1-1. A copy of the Request is attached at ECF No. 1-2, and all other pleadings from the state court case are located at ECF No. 1-3. The Request seeks a restraining order against SA Kandow because he performed a search of plaintiff's residence during the investigation of plaintiff's nephew, who is currently in federal custody. ECF No. 1-2 at 1-3.

Plaintiff seeks a restraining order against SA Kandow, stating that Kandow raided her property located in Stockton, California. ECF No. 1-2 at 3. In the body of the request for a restraining order, plaintiff asserts Kandow and his workers broke into her house, where she lives with a 91-year-old retired veteran, violating her civil rights by surreptitious entry. Id. Plaintiff alleges she is being followed each time she leaves her home, "harassment 24/7, physical abuse, mental, emotional, sexual and nutritional deprivation etc. dental concerns, hearing impairment and medical concerns." Id. Plaintiff states "I have never seen Mr. Kevin Kandow use a gun at me nor harassing me physically, everything all [happening] thru digital insurrection entry activity." Id. at 4. Plaintiff goes on to allege "assault/battery, elder abuse, sterging around my body, cabbing thru vaginal, anal and other parts of my body, controlling me food intake and Hygiene and outdoor activity." Id. Plaintiff alleges monitoring devices have been placed in her bathroom and on her automobiles, and also on her sister's transportation. Id. at 6.

### B. Motions to Dismiss

Defendant moves to dismiss on two grounds. ECF No. 5-1 at 1-2. First, defendant asserts this court lacks subject-matter jurisdiction because the United States has not waived its sovereign immunity for claims to enjoin employees of the FBI. Second, plaintiff's restraining order request

is barred by the derivative jurisdiction doctrine.  ECF No. 5-1.

## II.  Analysis

### A.  Legal Standards Governing Motions to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

### B.  Dismissal is Required Because the U.S. Is Immune From Suit

The United States enjoys sovereign immunity from civil suits absent its consent, and this immunity extends to federal employees acting within the scope of their employment.  Larson v. Domestic & Foreign Com. Corp., 337 U.S. 682, 703 (1949); see also Dugan v. Rank, 372 U.S. 609, 622 (1963); Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1003 (9th Cir. 1999).  Although plaintiff did not expressly name the government as a party, this is an action against the United States because the effect of the restraining order request is to restrict the FBI's ability to manage its workforce and conduct investigations.  Larson, 337 U.S. 682, 687 (1949) (if the effect of judgment would be to restrain the government from acting, or compel it to act, the suit is against the sovereign); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1981) (stating that a suit against a government officer in his official capacity is really "a suit against the official's office," and so officers acting within their authority also receive sovereign immunity).

Defendant SA Kandow was acting "in his official capacity" as an officer of a federal agency of the United States at all times relevant to the Request.  See 28 U.S.C. § 2679(d); Certification of Federal Employment by Edward Olsen, Chief of the Civil Division, United States

Attorney's Office for the Eastern District of California (ECF No. 5-3). "The United States has not consented to allow an injunction that would prevent FBI agents from having contact with or going near individuals who are related to subjects who are, or recently were, under investigation for federal crimes." ECF No. 5-1 at 3.

Waivers of sovereign immunity by the federal government which may apply in other civil actions are not applicable here. For example, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, waives sovereign immunity for the tortious acts of federal employees working in the scope of their employment, but the FTCA applies only to suits for money damages; it does not apply to claims for injunctive relief. 28 U.S.C. § 1346(b); see also, Westbay Steel, Inc. v. United States, 970 F.2d 648, 651 (9th Cir. 1992). In this case, Bland seeks injunctive relief, so the FTCA does not provide a waiver of sovereign immunity. Further, Bland cannot obtain relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) because she seeks equitable relief that would enjoin an agency from acting. Solida v. McKelvey, 820 F.3d 1090, 1095 (9th Cir. 2016) (plaintiffs cannot seek equitable relief against an agency through a Bivens action). Because Bland seeks an order that could potentially interfere in the FBI's investigation of crimes committed by Elmer Ngo, Bland's nephew who lived in Bland's property, by preventing the agent assigned to the case from going near Bland or her property, these routes to waiver of sovereign immunity which apply in some civil cases do not apply here. ECF No. 1-2 at 8-11. Because the defendant is immune from suit, the court lacks subject matter jurisdiction to continue with this case.

C.  **The Derivative Jurisdiction Doctrine Requires Dismissal**

Defendant contends this court also lacks jurisdiction pursuant to the doctrine of derivative jurisdiction. ECF No. 5-1 at 4. The undersigned agrees. When an action is removed by the United States or any officer or employee of a federal agency in his or her official capacity under 28 U.S.C. § 1442, as is the case here, the doctrine of derivative jurisdiction holds that the jurisdiction of the federal court, or lack thereof, derives from that of the state court. The Ninth Circuit has explained that when an action is removed from state court by the United States pursuant to 28 U.S.C. § 1442(a)(1), the jurisdiction of the district court upon removal is derivative

4

of the state courts, and if the state court lacked subject-matter jurisdiction, so does the federal court. In re Elko County Grand Jury, 109 F.3d at 554, 555 (1997). Although Congress eliminated the doctrine of derivative jurisdiction for actions removed under 28 U.S.C. § 1441, see 28 U.S.C. § 1441(f), the doctrine "is alive and well and applies to 28 U.S.C. § 1442 removals." Glass v. Nat'l R.R. Passenger Corp., 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008); see e.g., Cox v. U.S. Dep't of Agric., 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam, applying the derivative jurisdiction doctrine).

Here, the state court lacked jurisdiction to restrain the activities of an FBI agent because of the Supremacy Clause contained in the U.S. Constitution. The "activities of the Federal Government are free from regulation by any state." Hancock v. Train, 426 U.S. 167, 178 (2006), quoting Mayo v. United States, 319 U.S. 441, 445 (1943). Accordingly, because the Sacramento County Superior Court lacked jurisdiction over Bland's request for a restraining order, this court likewise lacks jurisdiction by operation of the derivative jurisdiction doctrine. The undersigned concludes that the court lacks jurisdiction to proceed with this case.

### III.     Leave to Amend Is Not Appropriate

A plaintiff appearing in pro se should be given leave to amend unless it is clear that amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987). Here, it is clear that amendment is futile and leave to amend is inappropriate. Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). "If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'" Id. Because it is clear that this court lacks subject matter jurisdiction, dismissal without leave to amend is appropriate.

### IV.     Pro Se Plaintiff's Summary

It is being recommended that your case be dismissed without leave to amend because the court does not have authority to hear a civil case attempting to stop the FBI or its agents from proceeding with an investigation. You have 21 days to object to this recommendation if you wish to do so. The District Judge will make the final decision.

## V.  Conclusion

For the reasons set forth above, the undersigned recommends that defendant's motion to dismiss (ECF No. 5) be GRANTED and that this case be DISMISSED in its entirety for lack of jurisdiction, and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 30, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE